UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICK J. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-323-HAB |
| ) | |
| COCA COLA CONSOLIDATED, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Nick J. Martin ("Martin") has filed an Employment Discrimination Complaint (ECF No. 1) and a Motion to Proceed *in Forma Pauperis* (ECF No. 2).

**A.     IFP Status**

Because it appears that Plaintiff qualifies to proceed without the pre-payment of filing fees, his Motion to Proceed *in Forma Pauperis* is GRANTED. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, Plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (in forma pauperis litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.     Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Martin's claim is, in short, incomprehensible. Not even an imaginative reader could identify what Martin might be claiming. Take, for instance, page four of the Complaint that contains the following paragraph:

> Parrish Leasing Inc Contract Release of Brothe Express Inc And Delaware Corporation of Et, Al of Brothers Express Inc of EEOC 2009 and Case No. 109CV302 Case of Genocide A Large Group People Killing Nick J Martin Life 100 Billion Dollars Request

(ECF No. 1-1 at 4) (all sic). This paragraph is indicative of the rest of the Complaint.

Martin has attached several documents to his Complaint and those documents provide some indication of a potential legal claim. Martin attached a Charge of Discrimination (ECF No. 1-1 at 10) he filed against Coca Cola on July 17, 2020. In that document, Martin alleges that Coca Cola discriminated against him based on race. He identified the date of discrimination as March 6, 1998.

Based on the facts contained in Martin's attachments, this Title VII claim is time barred. A claim under Title VII must be brought within one hundred and eighty or three hundred days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The alleged wrongful acts occurred more than seven thousand days ago. Martin cannot bring this Title VII claim against Coca Cola, and it will be dismissed with prejudice.

This leaves the question of whether Martin should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). While the Court is generally inclined to give *pro se* plaintiffs considerable leeway, and nearly always grants at least one opportunity to amend, the Court sees no reason to do so here. By the Court's math, Martin is requesting in excess of 1.2 **quadrillion** dollars in compensation. It goes without saying that this is not a reasonable request. Moreover, the Complaint is littered with claims that are more than a decade old: the Complaint identifies dates in 1984, 1987, 2006, and 2009. There is no reason to believe that any of these claims can be pursued. There is nothing in the Complaint that leads the Court to believe that this is, or could be, a meritorious action no matter the number of amendments.

Martin clearly has grievances. He believes that he has been wronged by numerous individuals and entities across decades. He believes those grievances entitle him to an amount that is ten times the global GDP. But the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear. It is, instead, a court of limited jurisdiction that can only hear defined categories of cases. Nothing that Martin states at any point in his multi-page screed approaches a claim that falls within those categories. The Court finds no reason to expend any more judicial resources on this matter and will not grant leave for any further amendment.

**C.     Conclusion**

For the foregoing reasons, Martin's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is GRANTED. Martin's Employment Discrimination Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

SO ORDERED on September 16, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT